# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTHUR D. MAYO,

    Plaintiff,

v.

OFFICER TRACY, *et al*.,

    Defendants.

Case No. 2:15-cv-01906-LDG (GWF)

**ORDER**

    Defendants Brian Williams, Minor Adams, Daniel Tracy, the State of Nevada, Nevada Department of Corrections, and Southern Desert Correctional Center move to dismiss (ECF No. 44) plaintiff Arthur Mayo's Second Amended Complaint (ECF No. 43). Mayo opposes the motion (ECF No. 49), and has also filed a sur-reply (ECF No. 56) without leave of the Court. The defendants move to strike the sur-reply (ECF No. 57), which Mayo opposes (ECF No. 58). The Court will strike the sur-reply, and will grant defendant's motion to dismiss the Second Amended Complaint as set forth below.

<u>Motion to Dismiss</u>

    The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of

Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 642. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 641. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*,

550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.* at 567.

When a petitioner proceeds *pro se*, the complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Ward v. Ryan*, 623 F.3d 807, 810 n.4 (9th Cir. 2010). In such a case, the court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). That being said, sweeping conclusory allegations do not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

<u>Claims and Defendants Previously Dismissed with Prejudice</u>

Mayo's Second Amended Complaint consists of a photocopy of his Amended Complaint plus two additional pages, the first titled as Amended New Claims and the second titled Supplemental New Claims. The Court previously screened the Amended Complaint. As a result of that screening, the Court dismissed with prejudice Mayo's excessive force claims against Tracy, Williams, and Adams. The Court further dismissed with prejudice Mayo's claim of deliberate indifference. The Court also dismissed with prejudice defendants State of Nevada, Nevada Department of Corrections, and Southern Desert Correctional Center. As the Second Amended Complaint re-alleges claims and defendants that the Court has previously dismissed with prejudice, the Court will again dismiss those claims and defendants with prejudice.

<u>Negligence of Defendants while Acting in their Official Capacity</u>

In his complaint, Mayo alleges that defendant Tracy, while acting in his official capacity, acted negligently by sending the defendant back to Unit #8, and that defendants Williams and Adams, while acting in their official capacity, acted negligently by not personally responding to Unit #8, but instead sending Sargent Wilson to the unit. These defendants correctly note that they cannot be sued for monetary damages in their official capacity. They further note that Mayo has not sought injunctive relief as a remedy for this

claim. Accordingly, to the extent that Mayo has alleged his claim for negligence against these defendants while acting in their official capacity, the claim must be dismissed with prejudice.

Negligence of Defendants while Acting in their Individual Capacity

The Court must construe defendant's complaint liberally. As such, the Court will construe Mayo's negligence claim as also being brought against the defendants in their individual capacity. As presently alleged, Mayo's complaint alleges only that Tracy sent the defendant back to Unit #8, and alleges only that Williams and Adams were negligent in sending Wilson to Unit #8, who used force by spraying "Bear Mace" in Mayo's eyes. As noted by the defendants, Mayo's complaint (even as supplemented or amended) lacks any allegations establishing a causal connection between their actions and the actions of Wilson. That is, the complaint lacks any allegation from which the Court can plausibly infer that the defendants knew, or reasonably should have known, that their actions (sending the inmates back to Unit #8, and sending Wilson to Unit #8) would result in Wilson spraying the defendant with "Bear Mace." The Court will dismiss this claim, but with leave to amend.

Reckless Endangerment and Malicious Infliction of Emotional Distress

Construing Mayo's complaint liberally, the Court will treat Mayo's claims of "Reckless Endangerment" and "Malicious Infliction of Emotional Distress" as a claim for Intentional Infliction of Emotional Distress. To recover on a claim of intentional infliction of emotional distress, a plaintiff must establish the following elements: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress. *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90 (1981). Absent from Mayo's complaint are any allegations that would plausibly suggest that these individual defendants engaged in conduct that was extreme and outrageous, that they intended

4

1 Wilson's conduct in spraying the "Bear Mace," or that their conduct was the actual or
2 proximate cause of Mayo's emotional distress resulting from being subjected to the Bear
3 Mace. (The Court further notes that Mayo has not alleged that he suffered emotional
4 distress. However, Mayo has alleged he suffered significant physical distress. In light of
5 the Court's liberal construction of these claims, the Court will assume that Mayo could
6 sufficiently allege that he suffered emotional distress.) The Court will dismiss these claims
7 with prejudice as against these defendants.

Retaliation

In his Second Amended Complaint, Mayo alleges a new cause of action for retaliation. More specifically, he alleges that on February 21, 2016, he was subjected to the retaliatory act of his personal property (including his legal work product) being seized. Mayo further generally alleges that each of the defendants is liable for this act of retaliation. In his Second Amended Complaint, Mayo does not allege any facts suggesting that these defendants participated in or knew of the alleged act.

As further noted by Mayo in his Second Amended Complaint, he previously submitted a "Notice of Retaliation" regarding this incident. The Court struck that notice because, as alleged by Mayo, the individuals who engaged in the retaliatory acts were individuals who were not named as defendants in this lawsuit. The Court specifically instructed Mayo that if he desired to file a new claim regarding this unrelated incident, he should do so by opening a new case and filing a new application to proceed in forma pauperis.

As Mayo has asserted, to this Court, that the alleged retaliatory act was committed by persons other than those named as defendants in this suit, and as his present claim for retaliation does not allege any conduct by the defendants, but merely asserts that they are liable for the conduct of others, the Court will dismiss this claim with prejudice.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants Brian Williams, Minor Adams, Daniel Tracy, the State of Nevada, Nevada Department of Corrections, and Southern Desert Correctional Center's Motion to Dismiss (ECF No. 44) is GRANTED as follows:

1) Defendants State of Nevada, Nevada Department of Corrections, and Southern Desert Correctional Center are DISMISSED with PREJUDICE from this action;

2) Plaintiff Arthur Mayo's Excessive Force claim is DISMISSED with PREJUDICE as against Defendants Brian Williams, Minor Adams, and Daniel Tracy;

3) Plaintiff Arthur Mayo's Deliberate Indifference claim is DISMISSED with PREJUDICE;

4) Plaintiff Arthur Mayo's Reckless Endangerment and Malicious Infliction of Emotional Distress claims are DISMISSED with PREJUDICE;

5) Plaintiff Arthur Mayo's Retaliation claim is DISMISSED with PREJUDICE;

6) Plaintiff Arthur Mayo's Negligence claim is DISMISSED without prejudice.

THE COURT FURTHER **ORDERS** that Defendants' Motion to Strike (ECF No. 57) is GRANTED. The Clerk of the Court is instructed to STRIKE Plaintiff Arthur Mayo's Sur-reply to Motion to Dismiss (ECF No. 57).

DATED this ___ day of September, 2017.

_____
Lloyd D. George
United States District Judge